MAX SÁNCHEZ, Plaintiff and Appellant, *v.* VÍCTOR MANUEL COLÓN ET AL., Defendants and Appellees.

No. R-65-219.        Decided June 27, 1969.

*Ramón A. Gadea Picó, Ramón E. Bauzá Iguera, José A. Hernández Colón,* and *Juan G. Riera Toro* for appellant. *José Guillermo Vivas, Jorge Lucas,* and *P. Valdivieso, Jr.,* for appellees.

Mr. Justice Santana Becerra delivered the opinion of the Court.

On March 7, 1962, appellant filed a complaint against debtors Víctor Manuel Colón and his wife Edil Ortiz Cintrón for the recovery of a mortgage note issued by them in favor of the holder or bearer by endorsement, for the amount of $6,000 and its principal being reduced at the time of the complaint to $5,000. He claimed interest from January 22, 1960. Appellant claimed to be the owner and holder of said note issued on May 10, 1958, and to mature on May 10, 1959, which, at the time the complaint was filed, was guaranteed with a mortgage over three rural properties of 7.91, 5, and 20 cuerdas belonging, according to the Registry, to the mortgagors, spouses Colón-Ortiz.

Carmen Figueroa and María Negrón Rodríguez were included as defendants, because a notice of "lis pendens" from Civil Case 60-2328 commenced in the Superior Court, Ponce Part, on September 2, 1960, subsequent to the execution of the mortgage and its recording, appeared in the Registry recorded in their favor. Ochoa Fertilizer Co. was included as defendant on account of having an attachment entered subsequent to the recording of the mortgage. Defendant María Negrón Rodríguez was subsequently substituted at her death by her heirs María, Epifania, and María Esperanza Rodríguez Negrón.

The mortgagors did not answer the complaint and their default was entered. Carmen Figueroa and María Negrón

answered and alleged that the title of mortgagors over the properties was fraudulent and nonexistent and that therefore the mortgage constituted as guarantee of the note which was being collected was nonexistent.

Before this case was decided and the judgment herein appealed from was entered on February 17, 1964, the Ponce Part of the Superior Court decided case 60-2328 and annulled and declared nonexistent by final and unappealable judgment the proprietary title of mortgagors over the three aforesaid properties mortgaged by them; it provided that the same belonged to the successors in interest of María Negrón and decreed the cancellation of the mortgage constituted by debtor Víctor M. Colón and his wife over the aforesaid properties to secure the above-mentioned note.

In conformance with the foregoing, and the debtors not having denied the debt, this lawsuit was limited to determine whether or not (1) plaintiff Max Sánchez was a third-party mortgagee protected by the Registry against the annulment of debtors title; and (2) to determine his position as holder of the note pursuant to the provisions which regulate negotiable instruments, Uniform Negotiable Instruments Act of 1930.

The judgment appealed from dismissed the complaint. As far as plaintiff's position is concerned in the light of the law which governs negotiable instruments, the trial court concluded as a *question of fact* that plaintiff had acquired the obligation subsequently to its expiration date, May 10, 1959. The trial court relied on plaintiff's own statements under oath, the first time when he filed his sworn statement for the purpose of requesting summary judgment, where he stated under oath having acquired the note by a blank endorsement made by the spouses Carlos Santiago Burgos and Angelina Roche; the second time upon answering under oath an examination where he expressly stated that he had received the note on January 22, 1960; and in his allegations

under oath claiming interest over the debt also since January 22, 1960.

Notwithstanding the foregoing, during the trial plaintiff changed his position and stated that he had acquired the note since it was issued by the debtors. He did not give any explanation whatsoever as to his previous statements to the contrary and he tried to make believe that he had received the note on January 22, 1960 endorsed by Santiago Burgos only as a return because he had delivered the note to Santiago Burgos for the only purpose that the latter could partially release one of the properties which secured the mortgage from the mortgage credit. The trial court did not give credit to this version of the plaintiff and was justified in not giving it credit in the light of the remainder of the evidence.

On January 22, 1960, one of the properties encumbered by the mortgage of $1,000 was effectively released. The plaintiff, alleged owner and holder of the note, did not appear as party to the deed for the release but Santiago Burgos and the debtors appeared. Debtor Colón stated in that document that Burgos was the endorsee and holder of the note "for value received." (Plaintiff's Exh. 2.)

Even if Santiago Burgos was interested in acquiring that property the usual thing in that case would have been that the plaintiff, alleged holder of the note, appeared to make the release and to receive the $1,000. The deed of release states that the $1,000 had been paid to debtor Colón prior to that act, and not to Sánchez as the latter stated in his testimony in court.

Santiago Burgos denied in court having been the holder of said obligation at any time and said that it was delivered to him only for that act of release. He did not say that plaintiff had delivered it to him. Burgos also testified that in this release transaction plaintiff took an active part and that in fact it was with him with whom he took the steps for that act and for the acquisition of the property.

The trial court concluded as a *question of fact* that the note was withheld by the debtors themselves in their possession until after its maturity date and until that day. This conclusion is supported at length by the evidence in the record.[1]

■ The conclusion of the trial court that plaintiff Sánchez came in possession of the transferable note by endorsement subsequent to its maturity, having been thoroughly supported, as a question of law the provisions of §§ 405 and 411 of the Commerce Code, 1932 ed., which bind him to the same defenses of a nonnegotiable instrument are applicable to plaintiff.

■ Appellant contends that in his case said provisions are not applicable and that art. 34 of the Mortgage Law which protects him as a third-party mortgagee is applicable. From the point of view of the pages of the Registry, plaintiff is a third party inasmuch as from the recording of the mortgage neither the vices nor the nonexistence of the proprietary title of the mortgagor appeared in the Registry. But that fact alone does not give him the mortgage protection he invokes. His status of civil bona fide must be added to it. It has been said in the Spanish mortgage doctrine and in ours that that status is the one which shows that the subsequent acquirer did not have knowledge outside of the Registry about the *disagreement* of the facts between what appears in the Registry and what the reality could be. We have carefully examined the evidence and the same as the trial court we must reach the conclusion that plaintiff knew about this disagreement as to the mortgagor's title between what appeared from the Registry and the reality. The plaintiff and the mortgagor had close commercial relations during all this

---

[1] In the judgment entered in case 60-2328 another magistrate of the court, in the light of the evidence which he had under consideration, concluded likewise that this note was in possession of debtor Colón when that case was decided.

time. Plaintiff supplied the mortgagor with money for his transactions. The record shows that sometimes he could have made transactions of his own through the debtor Colón. Even after the filing of this lawsuit in which he sued Colón, he continued carrying out business transactions with him, and organized a corporation with Colón in which plaintiff was the principal stockholder.

But more specifically insofar as the mortgaged properties, over which the mortgagor's title was annulled by final and unappealable judgment, are concerned, there is indisputable evidence which shows that plaintiff knew that the debtor did not have a legitimate title over those properties. It was precisely an expression made by plaintiff concerning that point that alerted Miss Negrón, owner of the properties, and led her to make the investigations which culminated in the filing of the action which annulled the title of the mortgagor. Even though we would not apply in this case the provisions concerning negotiable instruments, the judgment appealed from should be upheld, since plaintiff is not a third-party mortgagee protected against the subsequent dissolution of the title of the person from whom he acquired, as stated in art. 34 of the Mortgage Law, because he is not ignorant of the *disagreement* between the Registry and reality.

In the judgment entered in case 60-2328 the court had ordered the cancellation of the mortgage. Such ruling in that case did not bind plaintiff-appellant herein because he was not a party therein. In this case it is proper to rule thus inasmuch as the plaintiff, as alleged holder and owner of the mortgage note, was heard.

For the reasons stated, judgment will be rendered affirming the one rendered by the Ponce Part of the Superior Court on September 2, 1965, which dismissed the complaint for the recovery of the mortgage note and which ordered the cancellation of the mortgage which secured it in the Registry.

·Mr. Justice Hernández Matos, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages did not participate herein.